## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

MARGARET MCCUE,

                Plaintiff,

v.

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY and KWANGHUN
CHUNG,

                Defendants.

C.A. No. 1:20-cv-11772

## DEFENDANTS' ANSWER TO COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, defendants Massachusetts Institute of Technology ("MIT") and Kwanghun Chung ("Dr. Chung," and collectively with MIT, the "Defendants") hereby answer the Complaint of Plaintiff Margaret McCue ("Plaintiff"). The Defendants answer each paragraph as follows:

## INTRODUCTION

1. Regarding the allegations in the first, second, third, and fourth sentences of Paragraph 1, the Defendants admit only that Plaintiff was previously a graduate student in the Brain and Cognitive Sciences Department ("BCS") at MIT, that she was member of Dr. Chung's laboratory, and that she brought internal complaints against Dr. Chung. The Defendants deny the remaining allegations in the first, second, third, and fourth sentences of Paragraph 1. The allegations in the fifth sentence of Paragraph 1 reflect Plaintiff's view of the nature of this civil action and contain legal argument and conclusions of law to which no response is required. The Defendant deny all allegations of wrongful conduct and deny the alleged violations of Title IX of the Education Amendments of 1972 ("Title IX"), the Rehabilitation Act, the Americans with

Disabilities Act ("ADA"), and any obligations under state contract and tort law.  The Defendants

deny any other allegations in Paragraph 1 that they have not expressly admitted.

2.     Regarding the allegations in the first sentence of Paragraph 2, the Defendants

admit only that Plaintiff's cumulative graduate GPA after the 2017 summer term was a 4.9, that

Plaintiff was a member of the Neurological Engineering Training Program, and that Plaintiff's

CV indicates that she and other contributors presented a poster at Society for Neuroscience

Conferences in 2013, 2014, and 2016.  The Defendants are without information or knowledge

sufficient to form a belief as to the truth of the remaining allegations in the first sentence of

Paragraph 2 and, therefore, deny them.  Regarding the allegations in the second and third

sentences of Paragraph 2, the Defendants admit only that Plaintiff was previously a member of

Dr. Chung's laboratory, and they deny the remaining allegations in the second and third

sentences of Paragraph 2.  The Defendants deny any remaining allegations in Paragraph 2.

3.     Denied.

4.     Denied.

5.     Regarding the allegations in the first sentence of Paragraph 5, MIT admits only

that around the same time that Dr. Chung and others had raised concerns with Dr. Matthew

Wilson ("Dr. Wilson") in September 2017 about Plaintiff's extended absences from the

laboratory, failure to provide data, production of misleading data, and refusal to accept

mentorship, Plaintiff met with Dr. Wilson and complained about the environment in Dr. Chung's

lab, asserting that she had been subjected to hostility and mistreatment in the lab but providing

no specific information or factual support for that allegation.  Dr. Chung is without information

or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of

Paragraph 5 and, therefore, denies them.  Regarding the allegations in the second sentence of

Paragraph 5, the Defendants deny that Plaintiff faced discrimination and deny any remaining allegations in the second sentence of Paragraph 5.  Regarding the allegations in the third sentence of Paragraph 5, MIT admits only that Plaintiff communicated with administrators at MIT in 2018 to discuss issues of funding, authorship, and use of laboratory equipment.  Dr. Chung is without information or knowledge sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 5 and, therefore, denies them.  The Defendants deny the allegations in the fourth, fifth, and sixth sentences of Paragraph 5 and any remaining allegations in Paragraph 5.

6.      Regarding the allegations in the first sentence of Paragraph 6, the Defendants admit only that in January 2019, Plaintiff provided MIT's Human Resources department with a written complaint, which is a written document that speaks for itself and that does not contain the words "discrimination," "gender," or "disability."  Regarding the allegations in the second sentence of Paragraph 6, the Defendants admit only that MIT engaged two investigators to investigate Plaintiff's stated concerns.  Regarding the allegations in the third sentence of Paragraph 6, the Defendants admit only that the investigators produced a 54-page investigation report dated April 21, 2020 (the "Investigation Report"), which is a written document that speaks for itself.  Regarding the allegations in the fourth sentence of Paragraph 6, the Defendants admit only that Plaintiff appealed the conclusions set forth in the Investigation Report.  The Defendants deny all remaining allegations in Paragraph 6.

7.      Denied.

8.      Denied.

## JURISDICTION AND VENUE

9.      The Defendants deny the alleged violations of Title IX, the Rehabilitation Act, the ADA, and any obligations under state contract and tort law, and any remaining allegations in Paragraph 9.

10.     Paragraph 10 consists of arguments and conclusions of law to which no response is required.

11.     Paragraph 11 consists of arguments and conclusions of law to which no response is required.

## PARTIES

12.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of Paragraph 12, and, therefore, the allegation is denied.  Regarding the allegations in the second sentence of Paragraph 12, the Defendants admit only that Plaintiff was previously a graduate student in the BCS Department at MIT. Regarding the remaining allegations in Paragraph 12, MIT denies that Plaintiff was a Ph.D. candidate until or about August 1, 2020, as months before Plaintiff had advised MIT that she no longer intended to seek a Ph.D.  Dr. Chung is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 12 and, therefore, denies them.  The Defendants deny any remaining allegations in Paragraph 12.

13.     The Defendants admit that MIT is a Massachusetts charitable corporation with a principal place of administration in Cambridge, Commonwealth of Massachusetts, that MIT receives federal funds, and that there were approximately 11,520 students enrolled at MIT during the 2019–2020 academic year.  The Defendants deny any remaining allegations in Paragraph 13.

14.     The Defendants admit only that Dr. Chung is an associate professor at MIT, that Dr. Chung served as Plaintiff's Ph.D. advisor for some period after she joined his lab in April 2015, that Dr. Chung informed Plaintiff in September 2017 that he could no longer serve as her research advisor given the concerns of Dr. Chung and others regarding the integrity of certain of Plaintiff's research data, and that any actual advisor-advisee activities between them thereafter ceased.  The Defendants deny the remaining allegations in Paragraph 14.

4

## FACTS

15.     The Defendants admit only that Plaintiff matriculated at MIT as a graduate student in the BCS Department in the fall of 2014.  The Defendants deny any remaining allegations in Paragraph 15.

16.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and, therefore, they are denied.

17.     Admitted.

18.     MIT admits that Plaintiff completed the coursework and teaching assistant responsibilities related to her pursuit of a Ph.D. in Brain and Cognitive Sciences.  Dr. Chung is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies them.

19.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 19, and, therefore, they are denied.

20.     MIT admits that Plaintiff was accepted into the MIT Neurobiological Engineering Training Program ("NBETP").  MIT further admits that the online description of the NBETP and its associated certificate program ("NBECP") on the website for the MIT Center for Neurobiological Engineering states: (a) that students "are selected from existing MIT graduate programs"; (b) that the "aim" of the NBETP and NBECP is "to equip high quality students with outstanding expertise and leadership ability at the intersection of basic neuroscience and engineering"; (c) that an NIH grant will support NBETP students in the first year of the training program and provide a stipend and funds to support professional travel; and (d) that admitted students will "earn a Certificate in Neurobiological Engineering following completion of their degree and fulfillment of six NBETP/CP requirements."  MIT denies any remaining allegations

in Paragraph 20.  Dr. Chung is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies them.

21.     MIT admits the allegations in Paragraph 21.  Dr. Chung is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies them.

22.     The Defendants admit only that Plaintiff presented at the Picower Plastic Lunch in May 2017 and the Picower Annual Retreat in June 2017.  The Defendants deny any remaining allegations in Paragraph 22.

23.     The Defendants admit only that Plaintiff's CV represents that she and other contributors presented a poster at Society for Neuroscience Conferences.  The Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and, therefore, deny them.

24.     The Defendants admit that Plaintiff's cumulative graduate GPA after the 2017 summer term was a 4.9 and that Plaintiff took courses in molecular and cellular neuroscience, cognitive science, biomaterial science, and computational cognitive science.  The Defendants deny any remaining allegations in Paragraph 24.

25.     The Defendants admit that Plaintiff joined Dr. Chung's lab in or about April 2015.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

6

31.     Denied.

32.     Denied.

33.     The Defendants deny the allegations in the first sentence of Paragraph 33. Regarding the allegations in the second sentence of Paragraph 33, the Defendants admit that in or about July 2017, concerns were raised to Dr. Chung about, among other things, Plaintiff's attendance in the laboratory and level of productivity, and that Plaintiff later represented in a written complaint to MIT that she was "very sick with the flu" and had purportedly been told that she "should not attend work" during that time, *not* that she "began to work primarily from home primarily as a result of Dr. Chung's behavior towards her."  The Defendants deny the remaining allegations in Paragraph 33.

34.     Denied.

35.     Denied.

36.     The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 36 and, therefore, deny them. Further answering, the Defendants state that Plaintiff later represented in a written complaint to MIT that she "became very sick with the flu" in July 2017, *not* "late August or early September of 2017."  The Defendants deny the remaining allegations in Paragraph 36.

37.     Regarding the allegations in the first sentence of Paragraph 37, the Defendants admit only that Dr. Chung and his colleagues in the Chung Lab collaborated regarding a technique used in tissue clearance know as SHIELD, which stands for Stabilization to Harsh conditions via Intramolecular Epoxide Linkages preventing Denaturation, but they deny Plaintiff's allegations that she "developed" this technique.  The Defendants admit the allegations in the second and third sentences of Paragraph 37.  Regarding the fourth sentence of Paragraph

37, the Defendants admit only that Plaintiff, along with others, performed worked as part of a team on a project to further develop Dr. Chung's pioneering technique and that Plaintiff's work was a small part of the overall project. The Defendants deny the remaining allegations in Paragraph 37.

38.     Denied.

39.     Regarding the allegations in the first sentence of Paragraph 39, the Defendants admit (a) that on September 20, 2017, Dr. Wilson met with Dr. Chung and two post-doctoral researchers from Dr. Chung's laboratory, and that at this meeting, Dr. Chung and the post-doctoral researchers expressed multiple concerns about Plaintiff, including extended absences from the laboratory, failure to provide data, production of misleading data, and refusal to accept mentorship; and (b) that the two post-doctoral researchers appropriately received first-author credit for the paper regarding the SHIELD project based upon their contributions to the paper and project. The Defendants deny the allegations in the second sentence of Paragraph 39. Regarding the allegations in the third sentence of Paragraph 39, the Defendants admit only that when Dr. Chung asked Dr. Wilson about the department's possible actions in response to the documented concerns about the integrity of the Plaintiff's data and research performance, Dr. Wilson stated to Dr. Chung that the department issued warning letters to students who received unsatisfactory research grades and that Plaintiff's research grade should reflect her actual performance. The Defendants deny the remaining allegations in Paragraph 39.

40.     Regarding the allegations in the first sentence of Paragraph 40, MIT admits only that around the time that Dr. Chung and others raised concerns in September 2017 about Plaintiff's extended absences from the laboratory, failure to provide data, production of misleading data, and refusal to accept mentorship, Dr. Wilson met with Plaintiff and Plaintiff

8

complained about the environment in Dr. Chung's lab.  Regarding the allegations in the second sentence of Paragraph 40, MIT admits only that the Investigation Report states, "According to Dr. Wilson, [Plaintiff] explained she felt the lab environment was hostile and she was not being treated fairly or with respect because she was a woman.  Dr. Wilson noted that [Plaintiff] did not articulate any specific examples of gender-based harassment or discrimination."  Regarding the allegations in the third sentence of Paragraph 40, MIT admits that Dr. Wilson did not tell Plaintiff that Dr. Chung had raised concerns to Dr. Wilson about her research data, but further answering states that Dr. Chung had directly informed Plaintiff of those and other concerns, both before and after Dr. Chung's meeting with Dr. Wilson.  Dr. Chung is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 regarding alleged communications between Dr. Wilson and Plaintiff and, therefore, denies them.  Dr. Chung further denies that he harassed lab members, made determinations of authorship credit and project assignments based on favoritism, or did not treat Plaintiff fairly or with respect because she is a woman.

41.     Regarding the allegations in the first sentence of Paragraph 41, the Defendants admit only that Plaintiff and Dr. Chung met on September 28, 2017.  The Defendants deny the remaining allegations in Paragraph 41.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Regarding the allegations in the first sentence of Paragraph 45, MIT admits only that Plaintiff took a medical leave of absence for the Fall 2017 semester (not the Fall 2018 semester).  MIT is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in the first sentence of Paragraph 45, and, therefore, they are denied. Regarding the allegations in the first sentence of Paragraph 45, Dr. Chung is without knowledge or information sufficient to form a belief as to whether or why Plaintiff took any leave of absence for the Fall 2017 semester, but he denies that he caused the reasons for any leave. Regarding the allegations in the second sentence of Paragraph 45, the Defendants deny that Dr. Chung made any "representations" that would have caused Plaintiff to have any "understanding" that he would "remain her advisor" after she left the lab.  The Defendants deny any remaining allegations in Paragraph 45.

46.     MIT admits the allegations in the first sentence of Paragraph 46.  Dr. Chung is without information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 46 and, therefore, denies them.  Regarding the allegations in the second sentence of Paragraph 46, the Defendants admit only that on February 13, 2018, Plaintiff sent Dr. Chung an email in which she stated that she had "found a lab and co-advisor to collaborate with at Harvard" and that she "will be working with Dr. Kerry Ressler."  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 46, and, therefore, they are denied. The Defendants deny the allegations in the third sentence of Paragraph 46 and any remaining allegations in Paragraph 46.

47.     Regarding the allegations in the first sentence of Paragraph 47, the Defendants admit only that Plaintiff met with Dean Baluch to discuss funding issues and that Plaintiff contacted MIT's ombudsman.  Regarding the allegations in the second sentence of Paragraph 47, MIT admits only that Plaintiff met with Dr. Wilson on March 26, 2018.  Dr. Chung is without knowledge or information sufficient to form a belief as to the truth of the allegations in the

second sentence of Paragraph 47 and, therefore, denies them.  Regarding the allegations in the third sentence of Paragraph 47, MIT admits only that Dr. Wilson suggested to Plaintiff that she reach out to MIT's ombudsperson regarding her interactions with Dr. Chung.  Dr. Chung is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 47 and, therefore, denies them.  The Defendants deny all remaining allegations in Paragraph 47.

48.     Regarding the allegations in the first sentence of Paragraph 48, the Defendants admit only that Plaintiff, Dr. Chung, Dr. Wilson, and Dean Baluch met, but they deny that this meeting occurred on March 28, 2018.  Regarding the allegations in the second sentence of Paragraph 48, the Defendants admit only that Dr. Chung reiterated to Plaintiff, as he previously informed her, that he did not wish to have an advising relationship with her.  The Defendants deny the remaining allegations in Paragraph 48.

49.     The Defendants admit only that Plaintiff had several meetings with MIT administrators during which she discussed funding issues.  The Defendants deny the remaining allegations in Paragraph 49.

50.     The Defendants deny that any such promises were made to Plaintiff and deny all remaining allegations in Paragraph 50.

51.     The Defendants are without knowledge or information sufficient to form a belief as to whether Dr. Chung and Plaintiff met on May 11, 2018, and, therefore, that allegation is denied.  The Defendants deny that Dr. Chung had any meeting with Plaintiff at which he made the remarks alleged.

52.     Denied.

53.    MIT admits only that Dr. Wilson met with Plaintiff in May 2018, during which time she continued to express concerns about Dr. Chung, and that Dr. Wilson indicated that Plaintiff should develop a timeline for graduation as part of the arrangement that had been made with Dr. Ressler and the Department to provide her a laboratory to finish her thesis work with Departmental support.  MIT denies the remaining allegations in Paragraph 53.  Dr. Chung is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, therefore, denies them.

54.    Regarding the allegations in the first and second sentences of Paragraph 54, the Defendants admit only that an article entitled *Protection of tissue physiochemical properties using polyfunctional crosslinkers* was submitted to *Nature Biotechnology* on March 28, 2018 and later published on December 17, 2018 in *Nature Biotechnology,* that Young-Gyun Park, Chang Ho Sohn, and Ritchie Chen were listed as first authors on the article, and that the Plaintiff was listed as a second author on the article.  The Defendants deny the remaining allegations in Paragraph 54.

55.    Regarding the allegations in the first sentence of Paragraph 55, the Defendants admit only that Plaintiff, Dr. Chung, Dr. Wilson, and Dean Baluch met on or April 6, 2018 and discussed funding and resources, but they deny that "it was agreed that Plaintiff and Dr. Chung would mediate the [authorship] dispute [regarding the SHIELD article] through the MIT ombudsperson."  Regarding the allegations in the second sentence of Paragraph 55, the Defendants admit that Dr. Chung received an email from MIT's ombudsperson about the possibility of "facilitating a conversation" with Plaintiff, which the ombudsperson emphasized was "completely voluntary," but they deny that the ombudsperson sought to "schedule a

mediation" regarding the authorship of the SHIELD article, or any other issue.  The Defendants deny the remaining allegations in Paragraph 55.

56.     Regarding the allegations in the first sentence of Paragraph 56, the Defendants admit only in or about October 2018 that Plaintiff alleged that she had been inappropriately excluded as a first author on the SHIELD paper that had been submitted to *Nature Biotechnology*, and that Plaintiff's allegations about authorship were reviewed internally at MIT. Regarding the allegations in the second and third sentences of Paragraph 56, the Defendants admit only that at the request of the Office of the MIT Dean of Engineering, Dr. Paula Hammond and Dr. Elazer Edelman, the Chemical Engineering Department Head and the Director of the Institute for Medical Engineering & Science, respectively, reviewed Plaintiff's allegations by reading the paper and the supporting documents and conducting interviews of Plaintiff, Dr. Chung, and the three co-first authors (Chang Ho Sohn, Young-Gyun Park, and Ritchie Chen), and that Dr. Hammond and Dr. Edelman concluded that "the decision of the [Principal Investigator] to position [Plaintiff] as a second and not first author was appropriate."  The Defendants deny the remaining allegations in Paragraph 56.

57.     MIT admits only that, over time, Plaintiff discussed her interactions and/or authorship disagreement with Dr. Chung with MIT employees, including Dr. Wilson, Steve Salk, Dr. Jim DiCarlo, Sierra Vallin, Catherine Kim, Raquel Irons, and Sarah Rankin.  MIT is without information or knowledge sufficient to form a belief as to the truth of the allegation regarding any communication between Plaintiff and Pia Handsom, and, therefore, denies that allegation. MIT denies the remaining allegations in Paragraph 57.  Dr. Chung is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, therefore, denies them.

58.    MIT denies the allegations in Paragraph 58.  Dr. Chung is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, therefore, denies them.

59.    MIT admits only that on January 21, 2019, Plaintiff submitted a written complaint about Dr. Chung to MIT's Human Resources department (the "HR Complaint"), which is a written document that speaks for itself and that does not allege that he "forced her to leave the lab" or that he "violated numerous MIT polices, including those against discrimination."  Dr. Chung is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, denies them.

60.    The Defendants admit that Ms. Jamie Sinetar and Dr. Leslie Kolodziejski investigated the HR Complaint, that they issued a 54-page Investigation Report on or about April 21, 2020, and that the Investigation Report states that "[f]or the reasons set forth in the findings of fact and analysis above, the Investigators conclude that [Dr. Chung] is not responsible for violating" MIT's policies on Gender and Disability Discrimination, Sexual and Gender-Based Harassment, Retaliation, and Personal Conduct and Responsibilities Towards Students and Employees.  The Defendants deny any remaining allegations in Paragraph 60.

61.    Regarding the allegations in the first sentence of Paragraph 61, the Defendants admit only that the Investigation Report includes footnotes that state: (1) "Please note the authorship issue will not be included as part of this analysis because consistent with MIT's typical practice, it was already reviewed by Dr. Hammond and Dr. Edelman, faculty members of the relevant academic departments"; (2) "As authorship disputes do not fall into any of the categories outlined in [MIT Policies and Procedures] 9.7, they are not considered a protected

14

activity"; and (3) that the Investigators made no finding and offered no opinion on the subject of research misconduct.  The Defendants deny the remaining allegations in Paragraph 61.

   62. MIT admits only that Ms. McCue submitted an appeal of the Investigators' conclusions on June 4, 2020 but denies any remaining allegations in Paragraph 62.  Dr. Chung is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, therefore, denies them.

   63. MIT admits only that on or about June 1, 2018, Dr. Wilson sent an email to Plaintiff, stating:

> I regret to inform you that progress towards completion of your graduate program requirements is currently unsatisfactory.  The program requires that you identify a full-time faculty research advisor who will commit to supervising your research.  Without a research advisor, we are unable to evaluate your research performance.  In the case that your primary research supervision is conducted by faculty external to the department, you will also need to identify a departmental faculty co-advisor.  This warning is not a reflection of your research performance, but the current lack of required research supervision in the graduate program.  We understand you are working to resolve this and when that happens you will return to good academic standing.
>
> This notice will serve as confirmation that you currently are not in good standing in the program[.]
>
> Please do not hesitate to reach out to the Academic Office with any questions.

MIT denies all remaining allegations in Paragraph 63.  Dr. Chung is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, therefore, denies them.

   64. The Defendants admit that Plaintiff discussed funding with Dr. Chung and various MT administrators in 2018.  MIT further admits that it offered to assist Plaintiff with the costs of microscopic imaging for certain research, which Dr. Kessler, her advisor at Harvard, ultimately agreed to cover, but denies any remaining allegations in Paragraph 64.  Dr. Chung is without

information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 64 and, therefore, denies them.

65.     Denied.

66.     Regarding the allegations in the first sentence of Paragraph 66, the Defendants admit only that Dr. Rebecca Saxe ("Dr. Saxe") sent an email to Plaintiff on January 16, 2019, stating, among other things, "We (BCS) commit to fully funding your stipend at tuition at MIT until (but not beyond) August 2019." The Defendants deny the remaining allegations in Paragraph 66.

67.     Denied.

68.     MIT admits that on January 21, 2019, Plaintiff submitted the HR Complaint, which is a written document that speaks for itself and that does not include an allegation of "gender and disability discrimination" against Dr. Chung. Dr. Chung is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 68 regarding the timing of Plaintiff's submission of the HR Complaint or the actual content of that document and, therefore, denies them. Consistent with the confidentiality constraints of federal law, the Defendants cannot admit or deny allegations about any complaint of research misconduct. The Defendants deny the remaining allegations in Paragraph 68.

69.     The Defendants admit only that Plaintiff filed a complaint with Human Resources. Consistent with the confidentiality constraints of federal law, the Defendants cannot admit or deny allegations about any complaint of research misconduct. Dr. Chung is without information or knowledge sufficient to form a belief as to any remaining allegations in Paragraph 69 and, therefore, denies them.

70.    The Defendants deny the allegations in the first sentence of Paragraph 70.
Regarding the allegations in the second and third sentences of Paragraph 70, the Defendants
admit only that after Plaintiff transferred from the Chung Lab to the Ressler Lab at McLean
Hospital, Plaintiff sent an email to Dr. Li-Huei Tsai ("Dr. Tsai"), the Director of the Picower
Institute for Learning and Memory, on July 20, 2018, in which Plaintiff asked if it would be
possible for her "to continue using the shared Picower Leica confocal."  The Defendants deny
the allegations in the fourth sentence of Paragraph 70, which mischaracterize Dr. Tsai's two
email communications with Plaintiff on July 21, 2018.  The Defendants deny the allegations in
the fifth sentence of Paragraph 70.  The Defendants deny the allegations in the sixth sentence of
Paragraph 70, which mischaracterize Dr. Tsai's email communications with Plaintiff on July 23,
2018.  The Defendants deny all remaining allegations in Paragraph 70.

71.    The Defendants deny the allegations in the first sentence of Paragraph 71.
Regarding the allegations in the second sentence of Paragraph 71, the Defendants admit only that
Dr. Choi and Dr. Chung are colleagues in the Picower Institute and in BCS.  Regarding the
allegations in the third sentence of Paragraph 71, the Defendants admit only (a) that Plaintiff sent
an email to Dr. Choi on July 7, 2018 stating, "I am now working on translational applications of
tissue clearing and expansion at McLean Hospital.  I am still on track to graduate from MIT and
I was hoping that you would be on my thesis committee," and (b) that Dr. Choi responded in a
pair of emails on July 7 and 10, 2018, "I feel inadequate to serve on the committee due to the
lack of expertise related to your thesis.  I recommend you to look for another who would be able
to better advise you both technically and conceptually…  I think it will serve you better if you
can find another committee member."  Regarding the allegations in the fourth sentence of
Paragraph 71, MIT admits only that Plaintiff assembled a thesis committee with the requisite

number of BCS faculty members, but otherwise denies the allegations in this sentence. Dr. Chung is without information or knowledge sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 71 and, therefore, denies them. The Defendants deny the remaining allegations in Paragraph 71.

72.      Regarding the allegations in the first sentence of Paragraph 72, the Defendants admit only that the final Investigation Report regarding Plaintiff's complaint to Human Resources was issued on April 21, 2020, and that any appeal from the conclusions of the Investigation Report was due on June 3, 2020. Regarding the remaining allegations in the first sentence of Paragraph 72, and consistent with the confidentiality constraints of federal law, MIT cannot admit or deny allegations about any complaint of research misconduct. Dr. Chung is without information or knowledge sufficient to form a belief as to the remaining allegations in the first sentence of Paragraph 72 and, therefore, denies them. Regarding the allegations in the second sentence of Paragraph 72, MIT admits only that Plaintiff appealed the Investigators' conclusions set forth in the Investigation Report on June 4, 2020. Dr. Chung is without information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 72 and, therefore, denies them. Regarding the allegations in the third sentence of Paragraph 72, and consistent with the confidentiality constraints of federal law, MIT cannot admit or deny allegations about any complaint of research misconduct. Dr. Chung is without information or knowledge sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 72 and, therefore, denies them. The Defendants deny any remaining allegations in Paragraph 72.

73.      Denied.

74.      Denied.

75.     Admitted, but further answering state that the four (4) female graduate students who have worked in Dr. Chung's lab at MIT were recruited by Dr. Chung.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     MIT admits only that on August 22, 2019, Plaintiff was approved for a medical leave for the Fall 2019 term, starting on or about September 3, 2019.  MIT is without information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 84 and, therefore, denies them.  Dr. Chung is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 84 and, therefore, denies them.

85.     MIT admits that Plaintiff returned from her leave in or about January 2020 but denies that Plaintiff had completed "extensive" or "the bulk of the necessary scientific work" towards her dissertation at that time.  MIT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85 and, therefore, denies them.  Dr. Chung is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 85 and, therefore, denies them.

86.     Regarding the allegations in the first sentence of Paragraph 86, MIT admits that on January 10, 2020, Dr. Saxe sent an email to Plaintiff and Dr. Ressler in which Dr. Saxe set

forth a "realistic plan for [Plaintiff] to complete [her] PhD" based on the last progress reports provided by Plaintiff and future actions by Plaintiff, but otherwise denies Plaintiff's characterization of Dr. Saxe's statements in the email.  Regarding the second sentence of Paragraph 86, MIT admits only that one bullet point in Dr. Saxe's January 10, 2020 email regarding Plaintiff's "return to the program" states, "Dr. Ressler will pay your stipend and the residual tuition for the spring, as well as providing space and resources in his lab and advising and mentorship."  MIT is without information or knowledge sufficient to form a belief as to the remaining allegations in the second sentence of Paragraph 86 and, therefore, denies them. Regarding the allegations in the third and fourth sentences of Paragraph 86, MIT admits only that Dr. Saxe's January 10, 2020 email states, "However, we should also be frank that there is no potential source of funding for you after summer 2020 from BCS or from Dr[.] Ressler.  If you are unable to complete your PhD by the end of summer 2020, you would of course always have the option to submit a Master's thesis; we believe that you would be able to do so based on your prior and existing work, at any time."  MIT denies any remaining allegations in Paragraph 86. Dr. Chung is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, therefore, denies them.

87.     The Defendants deny that MIT and Dr. Chung "barred [Plaintiff] from using MIT resources such as the Picower microscope."  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 regarding any communications between Plaintiff and Dr. Ressler, and, therefore, deny them.

88.     Regarding the allegations in the first sentence of Paragraph 88, MIT admits only that on February 25, 2020, Dr. Ressler sent an email to Dr. Saxe stating:

> Meg and I just met in person.  After a number of unforeseen complications that would almost certainly extend the needed amount of time to do the work needed to complete the

PhD thesis, Meg has decided that at this point submitting a Master's thesis is the best course of action.

thus:

1) can you please send to us the guidelines / materials needed to complete the Master's process, and she will move forward with this ASAP.
2) she will not be enrolling at MIT this semester for the ongoing research work and thus she will not be working in my lab this semester.
3) please let me know how I can be helpful to Meg as she completes this process.  I've let her know that i remain happy to help with the master's process, work together on scholarly reviews, or other steps that may be helpful to her going forward.

thank you for your assistance and support,
Kerry

MIT denies the remaining allegations in the first sentence of Paragraph 88, which mischaracterize the communications between Dr. Ressler and Dr. Saxe.  Regarding the allegations in the second sentence of Paragraph 88, MIT admits only that after Plaintiff sent an email to Dr. Saxe on March 7, 2020 stating that Plaintiff did "not know what is expected of a master's thesis according to the BCS department" and requesting "any information that the department can provide on the requirements of an MIT BCS masters (sic) thesis "so that Plaintiff would be able to provide an "informed completion date estimate," Dr. Saxe sent an email stating, "It needs to be scholarly work.  And definitely by you, your own work.  If you are already first author on a peer reviewed paper, that will do.  Otherwise, something done in good faith and reflecting your learning and research here.  There is no set requirement with regards to length or format."  MIT denies the remaining allegations in Paragraph 88.  Dr. Chung is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and, therefore, denies them.

89.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and, therefore, deny them.  Further answering,

MIT states that after Plaintiff claimed on March 1, 2020 that she had been informed via email that she had been withdrawn from MIT, Plaintiff was promptly informed that the alleged email was "likely a delayed communication from when the plan was for [Plaintiff] to be a non-resident student" and that BCS was "working on a plan for getting you registered so that you can complete your master's thesis."

90.     The Defendants admit only that Plaintiff has not received a degree from MIT. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 regarding what Plaintiff purportedly "believed" and, therefore, deny them.  The Defendants deny all remaining allegations in Paragraph 90.

**COUNT I**
**Violation of Title IX – Gender Discrimination**
(*Against Defendant MIT*)

91.     MIT restates and incorporates by reference its responses to Paragraphs 1 through 90 of the Complaint as if fully set forth herein.

92.     MIT admits only that MIT receives federal funding.  The remaining allegations in Paragraph 92 consist of arguments and conclusions of law to which no response is required.

93.     Paragraph 93 consists of arguments and conclusions of law to which no response is required.

94.     MIT admits only that Plaintiff was previously a full-time graduate student in the BCS Department at MIT and that she received a stipend until August 30, 2019.  MIT denies any remaining allegations in Paragraph 94.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

## COUNT II
## Violation of Title IX – Retaliation
### (*Against Defendant MIT*)

102.    MIT restates and incorporates by reference its responses to Paragraphs 1 through 101 of the Complaint as if fully set forth herein.

103.    Paragraph 103 consists of arguments and conclusions of law to which no response is required.

104.    Paragraph 104 consists of arguments and conclusions of law to which no response is required.  To the extent a response is deemed necessary, the allegations in Paragraph 104 are denied.

105.    Denied.

106.    Consistent with the confidentiality constraints of federal law, the Defendants cannot admit or deny allegations about any complaint of research misconduct.

107.    Denied.

108.    Denied.

109.    Denied.

## COUNT III
## Discrimination in Violation of the Rehabilitation Act
### (*Against Defendant MIT*)

110.    MIT restates and incorporates by reference its responses to Paragraphs 1 through 109 of the Complaint as if fully set forth herein.

111.    MIT admits only that MIT receives federal funding.  The remaining allegations in Paragraph 111 consist of arguments and conclusions of law to which no response is required.

112.   MIT is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 112, and, therefore, the allegation is denied.

113.   Denied.

114.   Denied.

115.   Denied.

## COUNT IV
### Discrimination in Violation of the Americans with Disabilities Act
(*Against Defendants MIT and Chung*)

116.   The Defendants restate and incorporate by reference their responses to Paragraphs 1 through 115 of the Complaint as if fully set forth herein.

117.   Paragraph 117 consists of arguments and conclusions of law to which no response is required.

118.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 118, and, therefore, the allegation is denied.

119.   Denied.

120.   Denied.

121.   Denied.

## COUNT V
### Retaliation in Violation of the Rehabilitation Act
(*Against Defendant MIT*)

122.   MIT restates and incorporates by reference its responses to Paragraphs 1 through 121 of the Complaint as if fully set forth herein.

123.    MIT admits only that MIT receives federal funding.  The remaining allegations in Paragraph 123 consist of arguments and conclusions of law to which no response is required.

124.    Paragraph 124 consists of arguments and conclusions of law to which no response is required.  To the extent a response is deemed necessary, the allegations in Paragraph 124 are denied.

125.    Consistent with the confidentiality constraints of federal law, the Defendants cannot admit or deny allegations about any complaint of research misconduct.  MIT denies the remaining allegations in Paragraph 125.

126.    Denied.

## COUNT VI
### Retaliation in Violation of the Americans with Disabilities Act
(*Against Defendants MIT and Chung*)

127.    The Defendants restate and incorporate by reference their responses to Paragraphs 1 through 126 of the Complaint as if fully set forth herein.

128.    Paragraph 128 consists of arguments and conclusions of law to which no response is required.

129.    Paragraph 129 consists of arguments and conclusions of law to which no response is required.  To the extent a response is deemed necessary, the allegations in Paragraph 129 are denied.

130.    Denied.

131.    Denied.

## COUNT VII
### Breach of Contract
(*Against Defendant MIT*)

132.    MIT restates and incorporates by reference its responses to Paragraphs 1 through 131 of the Complaint as if fully set forth herein.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Consistent with the confidentiality constraints of federal law, MIT cannot admit or deny allegations about any complaint of research misconduct.  MIT denies the remaining allegations in Paragraph 137.

138.    Consistent with the confidentiality constraints of federal law, MIT cannot admit or deny allegations about any complaint of research misconduct.  MIT denies the remaining allegations in Paragraph 138.

139.    Denied.

## COUNT VIII
### Breach of the Covenant of Good Faith and Fair Dealing
(*Against Defendant MIT*)

140.    MIT restates and incorporates by reference its responses to Paragraphs 1 through 139 of the Complaint as if fully set forth herein.

141.    Paragraph 141 consists of arguments and conclusions of law to which no response is required.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Consistent with the confidentiality constraints of federal law, MIT cannot admit or deny allegations about any complaint of research misconduct.  MIT denies the remaining allegations in Paragraph 145.

146.    Consistent with the confidentiality constraints of federal law, MIT cannot admit or deny allegations about any complaint of research misconduct.  MIT denies the remaining allegations in Paragraph 146.

147.    Denied.

## COUNT IX
## Defamation
### *(Against Defendant Chung)*

148.    Dr. Chung restates and incorporates by reference his responses to Paragraphs 1 through 147 of the Complaint as if fully set forth herein.

149.    Dr. Chung admits that he consulted with and sought advice from faculty members at MIT regarding concerns about the integrity of certain of Plaintiff's research data.

150.    Dr. Chung denies the allegations in Paragraph 150 and further answering states that he raised valid and supported concerns about certain of the Plaintiff's research data.

151.    Denied.

152.    Denied.

153.    Denied.

## COUNT X
## Tortious Interference with Advantageous Relationships
### *(Against Defendant Chung)*

154.    Dr. Chung restates and incorporates by reference his responses to Paragraphs 1 through 153 of the Complaint as if fully set forth herein.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

## COUNT XI
### Promissory Estoppel
*(Against Defendant Chung)*

160.     Dr. Chung restates and incorporates by reference his responses to Paragraphs 1 through 159 of the Complaint as if fully set forth herein.

161.     Denied.

162.     Denied.

163.     Denied.

164.     Denied.

165.     Denied.

The "Wherefore" paragraphs which immediately follow Paragraph 165 of the Complaint state requests to the Court to which no response is required.  Should a response be required, the Defendants deny that Plaintiff is entitled to the judgment she seeks.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, must be reduced to the extent she failed to mitigate them.

### THIRD AFFIRMATIVE DEFENSE

At all times relevant to this case, the Defendants acted reasonably, in good faith, and in accordance with their legal duties, rights, and obligations.

### FOURTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are subject to administrative remedies which have not been exhausted.

## FIFTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the truth of the matter, the common interest privilege, and/or other conditional privileges.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant MIT is a charitable corporation and any recovery by plaintiff is limited by the provisions of G.L. c.231, §85K.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserve the right to amend their Answer and to assert any such defense by appropriate motion.

**WHEREFORE**, the Defendants ask that this Court:

A.      Dismiss Plaintiff's claims with prejudice; and

B.      Award such relief as the Court deems just and proper.

Respectfully submitted,

**MASSACHUSETTS INSTITUTE OF
TECHNOLOGY AND KWANGHUN CHUNG,**

By their attorneys,

/s/ Scott A Roberts
Scott A. Roberts, BBO #550732
sroberts@hrwlawyers.com
Elizabeth E. Monnin-Browder (BBO #679005)
emonnin-browder@hrwlawyers.com
Hirsch Roberts Weinstein LLP
24 Federal Street, 12th Floor
Boston, MA  02110
Phone: (617) 348-4300
Fax: (617) 348-4343

Dated: January 25, 2021

## CERTIFICATE OF SERVICE

I, Scott A. Roberts, certify that this document, filed through the Electronic Case Filing (ECF) system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 25, 2021.

/s/ Scott A. Roberts
Scott A. Roberts